**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

In re:

BERT JAY GARVIN                                    CASE NO.:  10-10295-LMK
BETH ELLEN GARVIN,                                 CHAPTER:  13
        Debtors.
_____/

## ORDER DENYING WORLD OMNI LT'S MOTION FOR REHEARING AND TO RECONSIDER ORDER APPROVING MODIFICATION OF DEBTOR'S 2ND AMENDED CHAPTER 13 PLAN

THIS MATTER is before the Court on Motion for Rehearing and to Reconsider Order

Approving Modification of the Debtor's Second Amended Chapter 13 Plan ("Motion") filed by

VT Inc. ("VT") as the Trustee of World Omni LT ("World Omni").  The Motion seeks a

determination that the Federal Rules of Bankruptcy Procedure allow courts to grant relief from a

confirmation order for any of the reasons listed in Federal Rule of Civil Procedure Rule 60(b).

Based on that determination, the Motion further asks that the court grant relief based on

excusable neglect that occurred due to a scheduling error.  A hearing on the Motion was held on

August 11, 2011, after which both parties submitted memoranda of law.  Having considered the

arguments of counsel, and the relevant cases, for the reasons stated more fully herein, I find that

the Bankruptcy Code and Rules do not allow courts to grant relief from a confirmed plan for any

reason other than fraud, and the Motion is denied.

### FACTS

In 2007, Bert and Beth Garvin (the "Debtors") leased a vehicle from World Omni.  On June

4, 2010, the Debtors filed a petition for Chapter 13 bankruptcy.  On November 22, 2010, the

Debtors assumed the lease with World Omni as part of the First Amended plan (Doc. 45).  Under

the terms of the original lease agreement, the Debtors had the option of either returning the

vehicle when the lease ended on June 1, 2011 or purchasing the vehicle by making a lump sum payment. Before the lease expired, the Debtors filed a motion to modify their Chapter 13 plan (Doc. 51). Under the modified plan, the Debtors proposed to pay the lump sum purchase price provided for in the lease by making installment payments over the life of the plan. Because there were no objections to the modified plan, I entered an order approving the plan on June 27, 2011 (Doc. 54).

VT is acting on behalf of World Omni in this case. On July 1, 2011, VT filed the Motion for Rehearing and to Reconsider the Order Approving the Modification of the Debtor's Second Amended Chapter 13 Plan (Doc. 56). VT states that it failed to oppose the modification because of excusable neglect arising from a scheduling error. VT seeks to now oppose the modified plan on the merits. Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a variety of reasons, including "any other reason that justifies relief." Fed. R. Civ. P. 60(b). Federal Rule of Bankruptcy Procedure 9024 makes Rule 60(b) applicable to bankruptcy cases. Rule 9024(3) limits Rule 60(b) by stating that "a complaint to revoke an order confirming a plan may be filed only within the time allowed by § 1144, § 1230, or § 1330." Fed. R. Bankr. P. 9024(3). Section 1330(a) of the Bankruptcy Code states that on "request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order is procured by fraud." 11 U.S.C. § 1330(a) (2011). VT concedes that the scheduling error was its own mistake and not a product of fraud.

The Debtors assert that the limitations imposed on Rule 60(b) by Rule 9024(3) limit courts' power to grant relief from a confirmed plan only to instances of fraud. VT argues that those limitations do not apply in this case because the order at issue is the approval of a modified plan under Section 1329 rather than a confirmation of a plan under Section 1325. VT further argues

that even if a modified plan is treated the same as a confirmed plan, Rule 9024(3) references only the time limitations of Section 1330, not the substantive requirement of fraud.

## DISCUSSION

Once a modified plan is confirmed, the Bankruptcy Code treats it the same as the original confirmed plan.   Section 1329 allows for modifications of the confirmed plan under certain circumstances.  11 U.S.C. § 1329 (2011).  Section 1329(b) states that a "plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved."  11 U.S.C. § 1329(b) (2011).  The plain language of the statute shows that the modified plan is treated the same as the confirmed plan for the purposes of Rule 9024(3).

The Supreme Court recognized in *United Student Aid Funds, Inc. v. Espinosa*, 130 S. Ct. 1367, 1376 (2010) that there is a split among lower courts about how the Rule 9024(3) reference to Section 1330 should be interpreted.  In dicta, the Supreme Court noted that there is a question among lower courts about whether the rule imposes only the time limitations of Section 1330 or both the temporal and substantive limitations.  *Id.*  However, the Supreme Court declined to address the issue.  *Id.*

The 11th Circuit has held that fraud must be alleged in order to consider a motion to revoke a confirmation order.  *United States v. Lee*, 89 B.R. 250 (N.D. Ga. 1987), aff'd, *In re Hochman*, 853 F.2d 1547 (11th Cir. 1988) (affirming lower court decision that stated without discussion, and not as the main holding of the case, that confirmation orders could only be revoked for fraud pursuant to 11 U.S.C. § 1330).   The 3rd Circuit dealt with a similar scenario to the instant case in *Branchburg Plaza Associates, L.P. v. Fesq (In re Fesq)*, 153 F. 3d 113 (3d. Cir. 1998).  In that case, the court reached the same conclusion as the court in *Lee*.  *Id.* at 120.  The court denied the

creditor's motion, holding that Rule 9024(3)'s reference to Section 1330 limits Rule 60(b) and leaves fraud as the only grounds on which a court may grant relief from a confirmed plan. *Id.*

In *Fesq*, the creditor failed to object to a proposed plan because of a computer glitch at its attorney's office. *Id.* at 114. The glitch was discovered 25 days after the deadline had passed, and the creditor then filed a motion to vacate the confirmation order. *Id.* Similar to VT, the creditor in *Fesq* argued that it should be granted relief from a confirmed plan under Rule 60(b) because of a clerical error. *Id.* at 115.

The court in *Fesq* examined the plain language of Rule 9024(3) and determined that it must be interpreted to include the substantive requirement of fraud from Section 1330(a). *Id.* at 120. Section 1330 itself must be read to preclude relief from a confirmation order for any reason other than fraud. *Id.* at 115. The court noted that the phrase "if such order was procured by fraud" should have some consequence, or it would not have been included at the end of the statute. *Id.* That leaves two possible interpretations of Section 1330(a):

> "First, the section can be read to say that a confirmation order can be revoked only upon a showing of fraud, and to set a 180-day time frame within which a motion for such relief may be tendered. Second, the section can be read as only prescribing a 180-day time limit on motions to revoke orders that were procured by fraud, without speaking at all to the subject of other potential grounds for revocation." *Id.*

Like the court in *Fesq*, I find the first interpretation to be more plausible. It is unlikely that Congress intended to limit the time frame for seeking relief based on fraud, but not address the other grounds listed in Rule 60(b). Furthermore, if Rule 9024(3) were interpreted to allow relief based on all of the grounds listed in Rule 60(b), it would be in direct conflict with Section1330, which states that on "request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order is procured by

fraud." 11 U.S.C. § 1330(a) (2011). Instead, Rule 9024(3) must be read to work within the

constraints of Section 1330.

   Beyond examining the wording of the statute itself, the holding of *Fesq* supports the

Bankruptcy Code's preference for finality. The 3rd Circuit recognized this rationale in *Fesq*,

stating

> "[C]reditors would not participate in reorganization if they could not feel that the plan
> was final, and that it would be unjust and unfair to those who had accepted and acted
> upon a reorganization plan if the court were thereafter to reopen the plan and change
> the conditions which constituted the basis of its earlier acceptance."

*In re Fesq*, 153 F.3d at 119 (quoting *In re Penn Central Transp. Co.*, 771 F.2d 762, 767 (3rd
Cir.1985)).

   In the current case, VT failed to object to the Debtors' modification because of a

scheduling error. Like the computer glitch in *Fesq*, the error might have been grounds for

relief under Rule 60(b) in a non-bankruptcy case. However, based on the case law, I find that

fraud is the only grounds on which relief from a confirmation order may be granted. Rule

9024(3) limits relief from confirmation orders to 180 days, and it limits the reason for relief

to only fraud. This decision does not address the rare instances discussed in *Espinosa* where

a judgment is void due to jurisdictional or due process issues. For all of the foregoing

reasons, it is hereby

   ORDERED and ADJUDGED that VT Inc.'s Motion for Rehearing and to Reconsider Order

Approving Modification of Debtor's Second Amended Chapter 13 Plan is DENIED.

   DONE and ORDERED in Tallahassee, Florida this 22nd day of September, 2011.

LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest

5